ELECTRONICALLY FILED
DATE FILED: DEC 0 3 2009

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------

CAPITAL VENTURES INTERNATIONAL,

              Plaintiff,

-- against --

VERENIUM CORPORATION,

              Defendant.

-------------------------------

No. 09-CV-4261(GBD)

**STIPULATION AND ORDER
REGARDING CONFIDENTIALITY**

Upon the stipulation of the parties, it is hereby ORDERED as follows:

1. In connection with discovery proceedings or any informal exchange of information and documents by the parties in this action, the parties may designate non-public documents, materials, or information, as "CONFIDENTIAL" under the terms of this Stipulation and Order.

2. Any document, material or information to be designated "CONFIDENTIAL" shall be so designated by specifically identifying the document, material or information in writing as "CONFIDENTIAL" or by stamping the document, material or information with a legend "CONFIDENTIAL" prior to its production.

3. During the course of this litigation, all documents, materials, or information that the producing party designates as "CONFIDENTIAL" shall be handled in accordance with this Stipulation and Order. Documents and materials designated as "CONFIDENTIAL" and information derived therefrom shall be referred to herein as "Confidential Information".

4. If any party, through inadvertence, produces or provides discovery of Confidential Information without labeling it as such as provided in paragraph 2, the producing party may give

written notice to the receiving party that the document, materials or information is confidential and should be treated as Confidential Information in accordance with this Stipulation and Order.

5. Any deposition testimony, and any transcription thereof, may be designated as "CONFIDENTIAL", in whole or in part, in the manner described in paragraphs 1 and 2 hereof and shall be treated as "CONFIDENTIAL" and subject to the confidentiality provisions hereof. Such designation may be made within twenty (20) days after receipt of the transcript by the designating party or on the record during the deposition. During the period in which any transcript may be designated "CONFIDENTIAL" pursuant to this paragraph, and thereafter to the extent of any such designations in accordance with this paragraph, the transcript or portion thereof shall become Confidential Information.

6. Confidential Information shall only be disclosed or made available by the party receiving such information to "Qualified Persons", who shall consist solely of:

  (a) The Court and court personnel;

  (b) Internal and external counsel to the parties and the legal, paralegal, clerical, or secretarial staff, and outside duplication and processing services retained by such counsel;

  (c) Court reporters;

  (d) Deposition witnesses; and

  (e) Any person engaged by counsel to this action or the parties to this action to assist in the litigation, including experts and consultants, as well as persons related to the case as parties or employees of parties who are assisting counsel in this case.

7. Confidential Information may be received only by a Qualified Person and shall be

2

held in confidence by each Qualified Person to whom they are disclosed. Such Confidential Information governed by this Stipulation and Order shall be used only for the purposes of preparing for and conducting this action and shall not be used for any other purpose.

    8.    Nothing in this Stipulation and Order shall prohibit the transmission or communication of Confidential Information between or among Qualified Persons by:

    (a)    hand delivery;

    (b)    face to face conference;

    (c)    in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

    (d)    by telephone, telegram, facsimile or other electronic transmission system;

if under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

    9.    Confidential Information shall not be copied or otherwise reproduced by the receiving party, except for transmission to Qualified Persons, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a Qualified Person from making working copies, abstracts and digests of Confidential Information for use in connection with this action, and such working copies, abstracts and digests of shall be deemed to be Confidential Information and treated as such in accordance with the terms of this Stipulation and Order.

    10.    Only Qualified Persons, the witness and his or her attorney may be present at any deposition or examination involving the use of Confidential Information.

    11.    Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of any document, material or information obtained by such party or witness

3

independently of the discovery proceedings in this action, whether or not such document, material or information is also obtained through discovery proceedings in this action.

12. In the event any person possessing Confidential Information intends to file such Confidential Information with the Court, such filing shall be made in a sealed envelope to be kept under seal by the Clerk. To facilitate compliance with this Stipulation and Order, the envelope shall indicate that the enclosed documents are subject to a Stipulation and Order Regarding Confidentiality and shall bear at least the case caption, docket number, and title of document being filed. **No further motion or order is needed in order to permit the filing of Confidential Information under seal in accordance with this Stipulation and Order.**

13. In the event any person possessing Confidential Information intends to introduce any Confidential Information into evidence at trial or any other proceeding in open court, such person shall provide reasonable written notice to all parties to this action, through their counsel, of the intended use and shall identify the Confidential Information which such person intends to introduce. Any party may seek further protections from the Court to prevent unnecessary disclosure of such Confidential Information.

14. Prior to and as a condition precedent to the dissemination of any Confidential Information to any of the persons enumerated in paragraph 6 (other than those individuals and entities identified in paragraphs 6(a), 6(b), and 6(c)), each such person shall sign an Undertaking in the form attached hereto as Exhibit A, which Undertaking obligates that person to obey the terms of this Stipulation and Order upon penalty of sanctions by the Court.

15. Upon termination of this action, including all appeals, the parties shall return to counsel for the producing party all Confidential Information and all copies thereof, provided that counsel for each party may retain copies of all Confidential Information, pleadings, deposition

4

12351448_1.DOC

transcripts with exhibits, and any copies of any such document that notes or reflects the work product of counsel for the party to whom the document has been produced to the extent needed to maintain an in-house record, provided the confidentiality continues to be preserved. Alternatively, the parties may agree upon appropriate methods of destruction of the Confidential Information, with the reasonable costs of such destruction to be borne by the party requesting such destruction.

16. In the event any non-party seeks to compel the production or disclosure of Confidential Information through subpoena (the "Request"), other judicial process or otherwise, the party served with the Request shall promptly notify the producing party in writing of the Request. The Confidential Information shall be produced in response to any Request as required by applicable law unless the producing party, at its expense, obtains an Order or agreement limiting or quashing the Request. The recipient of the request shall have no duty to resist the Request.

17. To the extent that material non-public information (as such is defined under applicable federal or state securities laws or regulations) of Verenium Corporation is responsive to a discovery request, regardless of whether such information is designated as Confidential Information hereunder, Capital Ventures International agrees that such material non-public information shall not be initially produced to Capital Ventures International in discovery by Verenium, and that Verenium shall advise Capital Ventures International's counsel in writing that material non-public information was responsive to a specific discovery request and was withheld from production. Capital Ventures International may thereafter elect to receive the material non-public information by notifying the Verenium's counsel in writing of such election, and the information or documents shall then be produced. Notwithstanding that such

5

information was not produced in discovery, Verenium shall be able to use such information in the litigation for all purposes, including but not limited to motions, hearings, and trial. In the event that material non-public information of Verenium Corporation is produced pursuant to this Stipulation and Order, such information shall, prior to the public disclosure by Verenium of such information (a) be treated as Confidential Information hereunder, and (b) shall be used by the receiving party in a manner consistent with applicable federal and state securities laws and regulations regarding the use of the material non-public information. Except as expressly set forth herein, nothing herein shall be intended to modify or amend the terms of any previously executed agreements between the parties governing the use or transmission of material non-public information.

18.   If Confidential Information is disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure shall, upon learning of the disclosure, inform the undersigned counsel of such disclosure and shall make every reasonable effort to retrieve the materials and prevent disclosure by each such unauthorized person who receives such material.

6

12351448_1.DOC

19. This Stipulation and Order has no effect upon and shall not extend to any producing person's use of its own Confidential Information.

Dated: December 1, 2009

*/s/ Richard M. Beck*
Richard M. Beck (admitted pro hac vice)
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
260 South Broad Street
Philadelphia, PA 19102
Tel.: 215-568-6060
Fax: 215-568-6603

Attorneys for Plaintiff

Date: December ___, 2009

*/s Annmarie A. Tenn*
Harvey J. Wolkoff (admitted pro hac vice)
Annmarie A. Tenn (admitted pro hac vice)
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Tel: 617-951-7000
Fax: 617-951-7050

Attorneys for Defendant

**IT IS SO ORDERED. BY THE COURT:**

DEC 0 3 2009

George B. Daniels
United States District Judge
HON. GEORGE B. DANIELS

7

12351448_1.DOC

## EXHIBIT A

## UNDERTAKING

This is to certify that the undersigned has read, understands and is fully familiar with the provisions of the Stipulation and Order Regarding Confidentiality dated _____ 2009, in the above-referenced litigation.

As a condition precedent to my examination of any of the documents, material or information covered by the Confidentiality Stipulation, or my obtaining any information derived therefrom covered by the Confidentiality Stipulation, I hereby agree that the Stipulation and Order shall be deemed to be directed to, and shall include and bind, me, and I shall observe and comply with the provisions of the Confidentiality Stipulation.

Yours truly,

_____
Name

_____
Home Address

_____
Occupation

_____
Employer

PHIL1 859418-8